# TERRITORY *v.* GOO WAN HOY.

## No. 1156.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT. HON. W. H. HEEN, JUDGE.

ARGUED MARCH 24, 1919.                    DECIDED APRIL 11, 1919.

COKE, C. J., KEMP AND EDINGS, JJ.

EVIDENCE—*preliminary examination of witness to determine admissibility of prepared signatures.*

It is proper for the court to permit a witness who has written certain signatures which are to be offered in evidence to be examined and cross-examined as to when, where and under what circumstances he wrote said signatures for the purpose of pass-

ing upon their admissibility, without regard to whether they are in fact admissible.

SAME—*cross-examination to determine competency of witness to give opinion as to genuineness of another's signature.*

Upon the cross-examination of a witness to determine whether or not he is competent to give his opinion as to the genuineness of another's signature it is not error to exclude evidence which would show that the witness could neither read nor write English as that would affect the weight and not the admissibility of his testimony.

WITNESSES—*cross-examination—impeachment.*

A witness may be cross-examined with reference to his past life if such matters tend to weaken his credibility though they might tend to criminate, disgrace or degrade him, and may be compelled to answer unless he claims his constitutional privilege of refusing to answer questions which might tend to criminate him.

SAME—*same—discretion of trial court.*

The extent to which collateral matters may be inquired into upon cross-examination for the purpose of impeaching the credibility of a witness is discretionary with the trial court and its rulings are not subject to review here unless the discretion is abused.

CRIMINAL LAW—*instructions invading province of jury.*

In this jurisdiction a charge which comments upon the weight of opinion evidence in comparison with direct evidence is improper as invading the province of the jury.

SAME—*evidence—cross-examination of accused.*

An accused who voluntarily becomes a witness in his own behalf is subject to the same cross-examination upon collateral matters affecting his credibility as other witnesses.

OPINION OF THE COURT BY KEMP, J.

The defendant, Goo Wan Hoy, was indicted, tried and convicted of perjury alleged to have been committed while he was testifying in an equity proceeding pending before the Hon. C. W. Ashford, first judge of the circuit court of the first judicial circuit. The indictment contained two counts. The first count charged the defendant with hav-

ing sworn falsely that he saw W. G. Let sign a certain certificate offered in evidence in said cause and the second count charged him with having sworn falsely that Farm Cornn signed and affixed his notarial seal to a certain certificate offered in evidence in said cause and that he, the defendant, saw the said Farm Cornn so sign and affix his notarial seal to said certificate. There were suitable allegations as to the materiality of the alleged false testimony and the knowledge of its falsity on the part of the defendant, the indictment setting forth fully the circumstances under which the alleged false testimony was given.

In the course of the trial the defendant saved exceptions to various rulings and seventy-three of these exceptions were embodied in defendant's bill of exceptions allowed by the court. The defendant has abandoned many of his exceptions and has confined his argument to six propositions set forth in his brief and which we will examine.

His first complaint is that the court erred in permitting the witness Farm Cornn to testify as to signatures written by him in the office of R. W. Breckons expressly for use upon the trial of this case.

It appears that prior to the commencement of the trial the witness Farm Cornn was called to the office of R. W. Breckons where he, in the presence of Mr. Breckons, wrote his signature a number of times. At the trial and while Farm Cornn was upon the stand as a witness in behalf of the prosecution, he was shown the signatures written by him as above stated and was questioned concerning the making of said signatures and gave his answers over the objection of defendant to the effect that he had written said signatures about two weeks prior to the time of his examination as a witness and that he did so at the request of Mr. Breckons who told him the purpose for which the

signatures were wanted. It does not appear from the exceptions nor from the transcript of the evidence that said signatures were exhibited to the jury or used by Mr. Breckons or other witnesses giving opinion evidence for the purpose of comparison with the alleged forged signature of Farm Cornn. · On the contrary it appears from the evidence that when the signatures were offered in evidence the court refused to allow them to go to the jury and on motion of defendant struck the evidence as to the making of said signatures from the record and instructed the jury to disregard the same. Later the prosecution attempted to have the court reverse its ruling as to the admission of said prepared signatures and to permit same to be exhibited to the jury for comparison with the alleged forged signature of the witness but the court adhered to its former ruling and refused to permit said signatures to go to the jury for any purpose.

Without expressing any opinion as to the admissibility of the prepared signatures, it being apparent from the record that they were not admitted in evidence, we think the preliminary examination of the witness as to the writing of said signatures and the circumstances under which they were written went no further than was necessary to ascertain whether or not the signatures were themselves admissible in evidence. Defendant's whole argument is directed to the proposition that signatures written for the purpose of comparison may not be exhibited to the jury and that to do so constitutes error. With that question we are not concerned and express no opinion thereon. The court very properly permitted an examination and cross-examination of the witness Farm Cornn as to when, where and under what circumstances the proffered signatures were made for the purpose of passing upon the admissibility of said signatures in evidence.

Defendant's second complaint is that the court erred

in sustaining the objection of the prosecution to certain questions propounded by him to the witness W. G. Let while testifying as to his familiarity with the signature of Farm Cornn. When the witness W. G. Let was testifying counsel for the prosecution undertook to qualify him to give opinion evidence as to purported signatures of Farm Cornn. After the witness had testified upon direct examination that he was familiar with the signature of Farm Cornn, that he had known Farm Cornn for many years and had been familiar with his signature for more than ten years, having seen him write it many thousands of times, he was shown certain instruments by counsel for the Territory containing the name of Farm Cornn and asked whether in his opinion the name written thereon was the signature of Farm Cornn. It was at this juncture that counsel for defendant objected to the witness giving his opinion and offered to show that the witness could not read or write except his own name. He was given permission by the court to examine the witness before ruling upon the objection. After an examination of the witness by counsel for defendant, which developed that the witness claimed to read and write but very little; that he could not write or read an ordinary letter and could not read the documents containing the name of Farm Cornn and as to the genuineness of which he proposed to give his opinion, he was asked: "It is a fact, is it not, that you can't either read or write English?" to which objection was made that it was incompetent, irrelevant and immaterial and not proper cross-examination. This objection was sustained and the court remarked that the examination should be limited to his familiarity with the signature of Farm Cornn. It must be borne in mind that the object of the examination of the witness at this time was to determine whether or not he was competent to give his opinion as to the genuine-

ness of certain signatures and was not a general cross-examination of the witness upon his testimony. The whole question of the ability of the witness to read and write English is one that affected the weight of his evidence and not its competency or admissibility, and it was therefore not error for the court to sustain the objection.

The defendant next complains of the action of the court in sustaining the objection of counsel for the Territory to certain questions propounded to the witness John Grace by counsel for defendant and directed to impeaching the credibility of said witness. While the witness was under cross-examination by counsel for defendant he was asked the following questions: "So when you testified in Judge Kemp's court you committed perjury because Goo Wan Hoy had told you to, is that correct?" "In the case of Nawahie v. Goo Wan Hoy you again committed perjury, did you, in your statements concerning the issuance of the power of attorney, namely Exhibit E9?" Each of these questions was objected to as incompetent, irrelevant and immaterial. The objection was sustained and the witness not permitted to answer, to which rulings the defendant duly excepted. Prior to asking the questions above set out the witness had been cross-examined at length concerning his evidence in the case of Nawahie v. Goo Wan Hoy, tried before Judge Kemp, and had stated that he gave certain testimony in that proceeding in regard to a deed and power of attorney from himself and wife to Goo Wan Hoy which was false and that "I testified so and it was not of my own volition. It was what I was instructed by Ahoy." Under these circumstances we cannot see how any answer which the witness might have given would be material to the issue or shed any further light upon the character or reliability of the witness.

It has always been found necessary to allow witnesses

to be cross-examined not only upon the facts involved in the issue but also upon such collateral matters as may enable the jury to appreciate their fairness and reliability. To this end a large latitude has been given where circumstances seemed to justify it, in allowing a full inquiry into the history of witnesses and into many other things tending to illustrate their true character. This may enable the court or jury to comprehend just what sort of person they are called upon to believe and such a knowledge is often very desirable. It cannot be doubted that a previous criminal experience will depreciate the credit of a witness to a greater or less extent, in the judgment of all persons and there must be some means of reaching this history. The rules of evidence do not allow specific acts of misconduct or specific facts of a disgraceful or criminal character to be proved against a witness by others but it has been held by this court that a witness may be specially interrogated upon cross-examination in regard to any vicious or criminal act in his life and may be compelled to answer unless he claims his privilege. But the extent to which disparaging questions not relevant to the issue may be put on cross-examination is discretionary with the trial court and its rulings are not subject to review here unless it appears that the discretion was abused. *Republic* v. *Luning,* 11 Haw. 390. Certainly it cannot be said that the discretion was abused in the rulings complained of here as all the facts that could be gotten from this witness in regard to his testimony in the two proceedings about which he was asked were admitted and it was only when the questions calling for a conclusion based upon this testimony were asked for that the court called a halt in the cross-examination.

A splendid discussion of the rules governing the impeachment of witnesses by cross-examination upon mat-

ters not relevant to the issue is to be found in *Carroll* v. *State*, 24 S. W. (Tex.) 100 and in *Wilbur* v. *Flood*, 16 Mich. 40, both of which cases are cited with approval in *Republic* v. *Luning, supra.*

The defendant also complains of the court's refusal to give the following requested instruction: "I instruct you that an opinion as to the handwriting of individuals ought to be received with caution, and that direct evidence that an individual saw the persons write the documents in question, is entitled to greater weight than the expression of opinions of witnesses or experts as to the falsity of the handwriting."

"In those jurisdictions in which the determination of the weight and credibility of the evidence is committed solely to the jury a charge whch comments upon the weight or credibility of circumstantial evidence in comparison with direct evidence is improper as encroaching upon the province of the jury." 12 Cyc. 597 (d). In this jurisdiction we have statutory provision prohibiting the judge from commenting upon the character, quality, strength, weakness or credibility of any evidence submitted. Sec. 2435 R. L. 1915. "It is error for the court to single out certain testimony in the case and to instruct the jury that this testimony is entitled to very great or little weight, or to otherwise instruct as to its weight." 12 Cyc. 597 (c).

It seems to us that either under the general rule or under the statutory provision in force in this jurisdiction the charge was improper and no error was committed in refusing to give it.

The defendant's next and final argument is based upon the court's action in permitting the defendant while a witness in his own behalf to be cross-examined as to whether or not he had committed crimes other than the one for which he was on trial.

The court permitted the defendant, over his objection, to be cross-examined as to whether he had forged the name of John Grace and Opiopio P. Grace to certain instruments involved in the same controversy out of which the perjury charge, upon which the defendant was being tried, grew and he now strenuously insists that this action of the court was not only prejudicial to the defendant but that it deprives him of his constitutional right to trial on indictment of a grand jury.

We have seen from an examination of this same question above that a witness may be thoroughly sifted upon cross-examination upon his character and antecedents and may, subject to the constitutional privilege to refuse to criminate himself, be compelled to disclose collateral facts which tend to criminate, disgrace and degrade him, if such other facts tend to weaken his credibility. That being so, unless a defendant is entitled to greater consideration in the matter of cross-examination upon collateral matters tending to impeach his credibility then this contention of defendant is without merit. "Where a defendant takes the witness stand in his own behalf he may on cross-examination be asked about any matter pertinent to the issues although he has not testified on direct examination as to all of the things about which he is asked." *Territory* v. *Hart,* 24 Haw. 349. It is thus seen that the rule as to cross-examination of a defendant upon matters material to the issue, when testifying in his own behalf, is quite as liberal as in the case of other witnesses and we see no reason why a defendant who has voluntarily become a witness should not be subjected to the same cross-examination upon collateral matters affecting his credibility as other witnesses either in his behalf or against him.

"In criminal cases, it is a well established general rule that the prosecution may not introduce evidence of the

character of the accused for the purpose of raising an inference that the latter is guilty of the crime for which he is being tried. * * * But where the accused takes the stand as a witness he waives his rights in this regard and his character may be impeached as that of any other witness." Chamberlayne's Hand Book on Evidence, Sec. 1029. See also *Halloway* v. *People*, 181 Ill. 544, 54 N. E. 1030, and Chamberlayne's Modern Law of Evidence, Sec. 3276.

When a witness is asked upon cross-examination if he did not commit a certain crime and gives an answer, the examining party is bound by the answer and cannot bring other evidence to contradict it (*Republic* v. *Luning, supra*). In the case at bar the defendant denied the commission of the crimes imputed to him in the questions objected to and no attempt was made to contradict him. No harm could have resulted from the allowance of the questions.

The exceptions are overruled.

*C. S. Davis,* Second Deputy City and County Attorney (*A. M. Brown,* City and County Attorney, and *A. M. Cristy,* First Deputy City and County Attorney, with him on the brief), for the Territory.

*W. B. Lymer* for defendant.