## TERRITORY OF HAWAII *v.* WINSTON CHURCHILL HENRY.

## NO. 2779.

ARGUED FEBRUARY 15, 1952.                     DECIDED MARCH 12, 1952.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY TOWSE, C. J.

The defendant was convicted upon two charges, consolidated for trial and on appeal, of assault upon police officers with intent to resist, prevent, hinder or obstruct the said officers in the discharge of their duties.   (R. L. H. 1945, § 11057.)

Four errors are assigned, the first three upon the admission of testimony, and the fourth, to the refusal of defendant's requested instruction of a verdict of not guilty.

The evidence established that a uniformed police officer on motorcycle patrol in company with a member of the mili-

tary police on Smith street, near Beretania street, in Honolulu at 10:30 o'clock p.m., observed a pedestrian crossing Smith street in an unauthorized area. The officer dismounted, followed the pedestrian into an alley, and arrested him for the offense of jaywalking, following a minor scuffle. A second individual who persisted in interfering with that arrest was likewise arrested for interfering with the officer. The defendant did not have any part in these two incidents. He was standing on the sidewalk in front of a restaurant on Smith street, of which premises he was the lessee, engaged in conversation with two or three others. During the events that followed the jaywalker escaped, and the second individual arrested was dispatched to the police station. In the interim, a group having congregated, police reinforcements arrived to disperse the crowd from the scene. Estimates of its size varied from twenty to one hundred persons. At this point the defendant was requested by an officer to "move on." Others in the group complied. The defendant refused. The officer again requested him to move, whereupon he jabbed the officer with his elbow. This incident resulted in the first charge. From this point forward the testimony is conflicting, although it can be reasonably concluded that the defendant, unwilling to submit to arrest, was forcibly escorted to the patrol wagon by several officers. In that scuffle he kicked a police sergeant. This resulted in the second charge.

The first and second assignments are directed to evidence of the facts occurring immediately prior to the defendant's first arrest. The testimony is that of the arresting officer and the military police officer upon the two prior arrests, and the congregating of the crowd in the immediate vicinity; all admittedly transpiring prior to the arrest of the defendant. It recites the arresting officers patroling the area, the arrest of the jaywalking pedestrian and the scuffle following his arrest, the interference with that ar-

rest by the second individual, and his arrest and dispatch to the police station, during which time the pedestrian escaped. All of the foregoing was admitted prior to the testimony that the arresting officers had seen or were aware of the defendant's presence in the vicinity. It is contended that the admission of that evidence was error, it being not only incompetent, irrelevant and immaterial, but also prejudicial to the defendant inasmuch as he was not a party to those arrests or in any manner a participant in these prior events. The Territory contends that the testimony was admissible to establish the facts, circumstances and conditions existing in the vicinity immediately preceding the defendant's arrest, and was also preliminary in nature and relevant to the subsequent events which led to the arrest of the defendant.

Generally, any competent evidence which, when taken alone or in connection with other evidence, affords reasonable inferences upon the matter in issue, or which touches upon the issues in such a way as to enable the jury to draw a logical inference with respect to the principal fact in issue, is relevant and admissible. (See 1 Wharton, *Criminal Evidence* [11th ed.], § 222 for authorities.) "Evidence, however, must relate to, and be connected with, the transaction which it is to elucidate, and this connection must be immediate. But the law does not require a necessary connection, which would practically exclude all presumptive evidence, but such as is reasonable, and not latent or conjectural." (20 Am. Jur. Evidence, § 250, pp. 243, 244.)

The testimony establishes the reasons for the officers' presence in the area, for dispersing the crowd that had congregated and for requesting the defendant to move on. It further established that the actions of the officers were in the performance of their official duties, an element of the offenses charged. The testimony, thus relating to the circumstances and conditions in the area immediately preced-

ing the defendant's arrest, was immediately related and connected to the events that followed, and not temporally remote. That the testimony recounted the commission of independent offenses and the arrest of individuals other than the defendant does not, of itself, alter its otherwise relevant character. The test of admissibility is whether, when taken with other evidence, its relevancy appears, as here, where it constituted a necessary preliminary to the relevancy of other evidence. The determination of relevancy resting in the discretion of the trial judge, we find no abuse of that discretion.

A more substantial issue is presented by assignment number three. On cross examination, the defendant was questioned upon prior convictions. Excerpts from the defendant's testimony best illustrate the nature of the examination.

"Q   Have you ever been in Alaska before?

"MR. SOARES:   I object.

"THE COURT:   Sustained.

"MR. HAWKINS:  Were you ever convicted in Alaska?

"MR. SOARES:   I object, convicted in Alaska.

"MR. HAWKINS:   Ever convicted anywhere? We'll take it step by step.

\*   \*   \*

"MR. HAWKINS:   Just if he's been convicted before.

"THE COURT:   Of any crime.

"A   Well, minor misdemeanors.

"MR. HAWKINS:   Please name the crime.

"A   I don't recall.

"Q   I'll refresh your memory.

\*   \*   \*

"MR. HAWKINS:   Were you in the territory of Alaska in 1943, September 13th?

"A   I don't recall.

"MR. HAWKINS: Were you in El Centro, California, at some time?

"MR. SOARES: We object, it's irrelevant and incompetent.

"THE COURT: I'll allow it.

"MR. SOARES: Answer counsel. Were you convicted in California at anytime?

"A Of a misdemeanor.

"MR. HAWKINS: What misdemeanor?
* * *
"MR. HAWKINS: Were you convicted of the crime of 2nd Degree Assault in February, 1946?

"A No.

"Q Were you convicted of any crime in Seattle, in 1946?

"A Not that I recall."

The defendant assigns error in the admission of that testimony as being prejudicial to a fair and impartial trial, in that the Territory was permitted by the line of questioning and without offer of proof thereof, to infer that the defendant had been convicted in another jurisdiction of offenses similar in nature to that for which he was on trial. The Territory contends that the examination was within the permissive scope of section 9842 of Revised Laws of Hawaii 1945: "A witness may be questioned as to whether he has been convicted of any indictable or other offense; and upon being so questioned if he either denies the fact or refuses to answer, it shall be lawful for the party so questioning to prove such conviction."

That a defendant who voluntarily becomes a witness in his own behalf is subject to the same rules upon cross examination of collateral matters for the purpose of impeachment as any other witness, including the fact of prior convictions, is well-settled. (*Territory* v. *Shishido, infra,* p. 265; *Ter.* v. *Goo Wan Hoy,* 24 Haw. 721.) The defend-

ant denied one specific question in prior conviction, failed to recall convictions, if any, in three other instances, and admitted one.

Two issues are presented: first, whether the defendant's answers of "I don't recall" and Not that I recall," constitute a denial of the fact of prior conviction or a refusal to answer; second, whether the Territory, in the circumstances, having availed itself of the statute, was compelled to "prove such conviction," and whether failure to offer proof thereof amounted to prejudicial error.

A failure of recollection at most establishes that the witness, at that time, does not recollect or recall the *fact* of prior conviction. The Territory admits that it did not, at the time of trial, possess available proof of prior convictions in such form as would, under the applicable rules of evidence, permit it to proceed with that proof. In lieu of this it did have what was termed a "rap sheet," which can best be described as a summarized record of prior charges and convictions. The defendant contends that these facts of unavailability and failure of proof precluded the examination. With this we do not concur upon the facts presented by the record before us. While, admittedly, the questions asked on cross examination could properly have been of a more complete and direct nature, we are of the opinion that the witness clearly understood their nature and purpose. His answers bespeak that fact and cannot be said to constitute a bar to preclude the application of the statute. In our opinion, all that the statute requires is that the witness be asked if he "has been convicted of any indictable or other offense." Two answers to that inquiry are specified: that he either "denies the fact" or "refuses to answer"; upon either of which answers the Territory is thereupon entitled to "prove such conviction."

Upon compliance with the enumerated prerequisites, the statute contemplates the objective accomplishment of

*disclosure* of the *fact* of prior convictions, if any exist. Its primary limited purpose and intent is that of impeachment, and that intent cannot be summarily negated by a witness who does not, or cannot, recall the *fact* of prior conviction. The incalculable varying reactions of human memory preclude even an attempt, by judicial rule, to establish a criteria of standardized answers. Answers of this nature must, of necessity, be considered in their relation to the statute as the facts and circumstances of the particular witness dictate. It is here clear, the witness having admitted a prior conviction, that the line of questioning, vague and incomplete as it was, did not affect the defendant's right to a fair and impartial trial.

While the taking of undue advantage in the guise of an inquiry on cross examination is not to be condoned, and alleged abuses thereof must be closely scrutinized, we find no such abuse here of a nature that would constitute prejudicial error warranting reversals. (*Rep. Haw.* v. *Luning*, 11 Haw. 390; *Ter.* v. *Goo Wan Hoy*, 24 Haw. 721.)

Upon the record before us we find assigned error number four to be without merit. There is ample evidence warranting the refusal of the defendant's requested instruction of a verdict of not guilty.

The judgments are affirmed.

*O. P. Soares* (also on the brief) for plaintiff in error.

*A. R. Hawkins*, Public Prosecutor (*C. M. Hite*, Public Prosecutor when their brief filed, with him on the brief), for defendant in error.