## TERRITORY OF HAWAII *v.* ALLEN KEKAULIKE LEWIS.

## NO. 2816.

ARGUED MAY 28, 1952.          DECIDED JANUARY 5, 1953.

LE BARON AND STAINBACK, JJ., AND
CIRCUIT JUDGE SAPIENZA IN PLACE OF
TOWSE, C. J., DISQUALIFIED.

OPINION OF THE COURT BY CIRCUIT JUDGE SAPIENZA.

Defendant was convicted by the court below of the crime of assault and battery with intent to disfigure another and sentenced to a term not to exceed the maximum period of ten years at Oahu Prison.

The assignment of errors relied upon challenges the sufficiency of the evidence to support the verdict of guilty, and alleges error (1) in the refusal to permit cross examination of a government witness concerning his drinking and habitual intemperance, both before and during the commission of the offense; (2) in admitting in evidence certain photographs and clothing; (3) in admitting in evidence testimony relating to the comparison of hair; (4) in admitting in evidence testimony of an alleged conversation between a police officer and the defendant on the theory that it was part of the *res gestae;* and (5) in denying a motion for acquittal and in finding the defendant guilty as charged.

It is an elementary rule of law that a witness may be interrogated, upon cross examination, in regard to any vicious or criminal act of his life, and may be compelled to answer unless he claims his constitutional privilege not to do so. The extent to which disparaging questions, not relevant to the issue, may be put on cross examination is discretionary with the trial court and will not be disturbed unless it appears that the discretion was abused. (*Republic of Hawaii* v. *Luning,* 11 Haw. 390; *Territory* v. *Goo Wan Hoy,* 24 Haw. 721, 727; *Territory* v. *Buick,* 27 Haw. 28, 47.)

It is also elementary that a witness may be asked on cross examination about his use of intoxicating liquor since it may directly affect his knowledge and memory of what occurred.

It is fundamental to every trial that a witness must be placed on a proper setting and the weight of his testimony

and his credibility must be tested in order to give the trier of the facts a fair opportunity to appraise the facts to which the witness testifies and to ascertain his relationship to the parties and the subject of litigation. What such proper setting and what weight must be given to the testimony is within the discretion of the trial court. The court below allowed cross examination of the witness as to his use of intoxicating liquor and as to whether he had ever been arrested and convicted for drunkenness. The court below, however, refused continued questioning on this matter. Such refusal is assigned as error.

Abuse of discretion arises when a party is denied the right to place the witness in the setting of the case, *i.e.,* denied the right to test his interest, motive, inclination, prejudice, means of obtaining a correct and certain knowledge of the facts in his testimony, the manner in which he used that means and his power of discernment, memory and description. How far a party will be allowed to proceed is not a question to be reviewed here. It is within the reasonable judgment of the trial judge to determine when the subject has been exhausted. To do otherwise would commit this court to retry all cases contested below.

The second assignment of error in admitting in evidence certain photographs and clothing dealing with location of injury and identity of the victim and place in which the injury occurred is without merit. (*Territory* v. *Joaquin,* 39 Haw. 221.)

The third assignment of error relates to the admission of testimony relating to the comparison of hair. Defendant contended that the witness, testifying as to comparison of the hair of the victim with hair found on a shoe allegedly belonging to the defendant, was not qualified as an expert witness. After preliminary examination by both parties as to the qualifications of the witness, the judge below stated that the witness was qualified, but added that the

extent of his qualifications would "obviously go to the weight of the testimony."

In *Kamahalo* v. *Coelho,* 24 Haw. 689, this court held that when the qualifications of a witness as to knowledge and capacity are established, as facts, to the reasonable satisfaction of a trial court, its finding will not be reviewed except in case of manifest mistake or abuse of discretion.

Whether or not a witness qualifies as an expert is a preliminary question for the trial court and rests largely within the discretion of the trial judge. The reason underlying this rule of law stems from the fact that the testimony of a so-called expert witness is to assist either the jury or the court, or both, in understanding the basis of a statement of facts which require a greater knowledge, experience or study than is usually possessed by the ordinary layman. That this matter should rest largely within the discretion of the trial judge below is sound law, for the testimony was to assist the judge below in arriving at a conclusion as to the comparison of the hair. The judge below clearly indicated that the extent of the qualifications of the so-called expert witness who testified below would go to the weight of his testimony. There being ample evidence, however, to sustain the verdict below, in addition to such testimony, we find the third assignment of error without merit.

The fourth assignment of error relates to the admission of testimony of a conversation between a police officer and of the defendant on the theory that it was part of the *res gestae.* The testimony discloses that between the hours of 8:00 and 8:30 p.m. of November 5, 1949, and 4:30 or 4:35 a.m. of November 6, 1949, the defendant argued with and struck the victim at intervals varying from thirty minutes to one and one-half hours. The striking lasted about two to three minutes each. The conversation between the police officer and the defendant took place at the apart-

ment at or immediately after the police officer gained entry. At that time, the defendant, according to the testimony of the police officer, was still under the influence of liquor, sitting just beyond the entrance to a kitchen. The pertinent statement admitted by the court below as part of the *res gestae* is as follows: "I asked him how come she was in the condition that she was, and he said he only gave her a couple of one-twos, and he made his fist in a swinging manner. He said, 'I also gave her a couple of these.' He was standing—I mean sitting in the chair—and he said he gave her a couple of these. He said, 'Nobody will want to look at her after this.' That was all. I told him immediately then that he was under arrest."

*In St. Clair* v. *United States,* 154 U. S. 134, at pages 149-150, the Supreme Court of the United States said: ". . . 'The *res gestae,*' Wharton said 'may be, therefore, defined as those circumstances which are the undesigned incidents of a particular litigated act, and which are admissible when illustrative of such act. These incidents may be separated from the act by a lapse of time more or less appreciable. They may consist of speeches of any one concerned, whether participant or bystander; they may comprise things left undone as well as things done. Their sole distinguishing feature is that they should be the necessary incidents of the litigated act; necessary in this sense, that they are part of the immediate preparations for or emanations of such act, and are not produced by the calculating policy of actors. In other words, they must stand in immediate casual relation to the act—a relation not broken by the interposition of voluntary individual wariness seeking to manufacture evidence for itself. Incidents that are thus immediately and unconsciously associated with an act, whether such incidents are doings or declarations, become in this way evidence of the character of the act'."

In *Solice* v. *State,* 21 Ariz. 592, 193 Pac. 19, at page 20, the court said: ". . . We have examined a large number of authorities upon the abstract propositions involved in the rules on which testimony is received or not received as part of the res gestae. These authorities satisfy us that the close connection in time between the statements or declaration and the act of which it is said to be a part is an element for consideration; that being close in point of time is not, however, all of the basis for receiving such evidence, and that the ultimate test is spontaneity or instinctiveness and logical relation to the main event; that the tendency of the modern cases is to be liberal in the reception of such testimony."

Fundamentally, the sound rule is that, in order for statements to be admitted as part of the *res gestae,* the statements must be reasonably contemporaneous with the event to which they relate, *i.e.,* they must be such as to have been proximately caused by the exciting influence of the event without opportunity for deliberation or influence. (*Territory* v. *Kinoshita,* 38 Haw. 335.) Here, with the defendant still under the influence of liquor, having begun his drinking at 5:30 p.m. on November 5, 1949, having consumed approximately three-fourths of a quart, having administered approximately fourteen different beatings upon the victim between the hours of 8:30 p.m. to 4:30 a.m., it cannot be said that the judge erred in holding that the statements made to the police officer were made under the exciting influence of said events, reasonably contemporaneous thereto and without prior opportunity for deliberation or manufacture. The fourth assignment is therefore without merit.

We find that the fifth assignment of error does not warrant discussion.

The judgment and sentence below are affirmed.

*S. Landau* (*Landau & Fairbanks* on the brief) for plaintiff in error.

*J. Morita,* Assistant Public Prosecutor (*A. R. Hawkins,* Public Prosecutor, and *J. Morita,* Assistant Public Prosecutor, on the brief), for defendant in error.